# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD E. ASHLEY** | *****CIVIL ACTION NO. 6:16-1096** |
| **VS.** | *****JUDGE DRELL** |
| **LIBERTY LIFE ASSURANCE CO. OF BOSTON** | *****MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed by defendant Liberty Life

Assurance Company of Boston ("Liberty") [rec. doc. 11].  Plaintiff Donald Ashley

("Ashley") has filed a memorandum in opposition [rec. doc. 15], to which Liberty

filed a Reply [rec. doc. 16].  By this Motion, Liberty contends that Ashley's

Louisiana state law claims against it are preempted by ERISA.[1] The Motion has

been set for consideration before the undersigned with oral argument on January

24, 2017. [rec. doc. 14].  For the following reasons, it is recommended that

Liberty's Motion to Dismiss be GRANTED in part, and plaintiff's Louisiana state

law claims be DISMISSED WITH PREJUDICE.  It is further recommended that

Liberty's request for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1)

be DENIED as premature.

---

[1]The Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et. seq.

1

It is further recommended that plaintiff be **granted leave to amend** his Complaint to properly plead  federal claims for long term disability benefits and attorney fees under ERISA and to clarify the legal and factual grounds for these claims as well as the proper basis for this Court's jurisdiction.

## Background

Ashley filed this lawsuit against Liberty, his long term disability insurer, under this Court's diversity jurisdiction (28 U.S.C. § 1332). [rec. doc. 1, ¶ 3]. Ashley alleges that he purchased long term disability insurance from Liberty while employed with Rubicon, LLC. [*Id*. at  ¶ 5].  In 2006, he was diagnosed with cervical spondylosis, cervical disc disease, and left shoulder impingement, and that he has been disabled since that time and continues to receive social security disability benefits.  [*Id*. at  ¶ 6 and 8]. Ashley alleges that he received long term disability benefits from Liberty from October 2006 through January 23, 2010, when Liberty terminated his benefits, based on a conversation an adjuster had with Ashley's treating physician, Dr. Michael Jennings.   [*Id*. at  ¶ 7, 9 and 11].  Ashley asserts that the adjuster misrepresented in the claim file that Dr. Jennings stated that he believed Ashley could work.   [*Id*. at  ¶ 9 and 11].  Ashley appealed on July 16, 2010, but his  appeal was denied September 27, 2010.   [*Id*. at  ¶ 12].  On May 28, 2014, Ashley discovered that the adjuster erroneously or fraudulently

2

misrepresented Dr. Jennings' statement that his treatment goal was to return Ashley to work, as a statement by Dr. Jennings that Ashley was no longer disabled and could return to work.  [*Id*. at  ¶ 13].  Ashley asserts Louisiana state law claims for negligence, misrepresentations, bad faith, breach of contract, breach of fiduciary duty and arbitrary and capricious claim handling. [*Id*. at  ¶ 14].  He seeks past and future long term disability benefits, damages, penalties and attorney's fees.  [*Id*. at  ¶ 14 and prayer for relief].

On October 11, 2016, this Court held a telephone status conference to discuss whether this case should be deemed as filed under this Court's federal question jurisdiction pursuant to ERISA, instead of under this Court's  diversity jurisdiction. After discussion with the parties, the defendant advised that an appropriate Motion would be filed.  Pending ruling on that Motion, the Case Management Order issued on August 10, 2016 [rec. doc. 3] was vacated. [rec. docs. 6 and 7].

On November 15, 2016, Liberty filed the instant Motion to Dismiss asserting that plaintiff's state law claims are preempted by ERISA.  Liberty seeks dismissal of Ashley's Complaint and his request for compensatory and punitive damages.  Liberty additionally requests an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

Ashley opposes the Motion arguing that although the state law claims "might be ultimately preempted by ERISA", he nevertheless has stated a claim as a plan participant under ERISA §1132(a)(1) to recover long term disability benefits due under the terms of his plan.  He alternatively seeks leave to amend his Complaint to cure any deficiencies.

By Reply, Liberty states that it does not oppose Ashley's request to amend his Complaint to set forth a claim for the recovery of long term disability benefits under 29 U.S.C. § 1132(a)(1)(B), deleting all state law causes of action.

<u>Law and Analysis</u>

There are two types of ERISA preemption: complete preemption under § 502(a) (the civil enforcement provision codified at 29 U.S.C. § 1132(a)(1)(B)) and express or conflict preemption under § 514 (the preemption provision codified at 29 U.S.C. § 1144(a)).

Complete preemption occurs when a federal statute wholly displaces a state law cause of action and in effect converts the state law claim, even if pleaded in terms of state law, into a federal cause of action.  *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 62-66 (1987); *AETNA Health, Inc., v. Davila*, 542 U.S. 200, 207-211, 124 S.Ct. 2488 (2004).  The ERISA civil enforcement provision codified at 29 U.S.C. §1132(a)(1)(B) is one such statute. *Id*.  Hence,

state law causes of action "within the scope of" the civil enforcement provision are completely preempted.  *Id*.; *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir. 2003).  Express or conflict preemption exists when a state law or claim "relates to" an ERISA plan unless it "regulates insurance."  *Haynes v. Prudential Healthcare*, 313 F.3d 330, 334 (5th Cir. 2002) *citing  Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 45 (1987).

It is evident from the allegations in the plaintiff's Complaint and examination of the Liberty policy attached to the instant Motion that the policy at issue is an ERISA regulated plan.[2]  The plan was "established and maintained by [Ashley's] employer [Rubicon, LLC]. . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance . . .benefits in the event of . . . disability. . . ." 29 U.S.C. § 1002(1).

Ashley's Louisiana state law claims against Liberty are  preempted by the ERISA preemption provision.  That provision states that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan . . . . "  29 U.S.C. §1144(a).  The Supreme Court has held that the

---

[2] It is proper to consider documents that a defendant attaches to a motion to dismiss, if such documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim, as they form part of the pleadings. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000).

ERISA preemption provision is "deliberatively expansive . . ." and has therefore been construed broadly by federal courts. *Pilot Life*, 481 U.S. at 46; *Hubbard v. Blue Cross & Blue Shield Association*, 42 F.3d 942, 945 (5th Cir. 1995). Considering the expansive sweep of the provision, a state cause of action "relates to an employee benefit plan whenever it has a connection with or reference to such a plan." *Hubbard*, 42 F.3d at 945; *Pilot Life*, 481 U.S. at 47.

Generally, ERISA preempts a state law claim "if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and the beneficiaries.'" *Hubbard,* 42 F.3d at 945.   The Fifth Circuit has held that the fact that a claim seeks damages measured by plan benefits suffices as the requisite "connection to" an employee benefit plan for preemption purposes.  *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1218 (5th Cir. 1992) *citing Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989).  Additionally, "[w]hen a court must refer to an ERISA plan to determine the plaintiff's . . . benefits and compute the damages claimed, the claim relates to an ERISA plan." *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993).  Moreover, when resolution of a claim would require an inquiry into questions intricately

6

bound up with the interpretation and administration of an ERISA plan, the claim "relates to," and hence is preempted by, ERISA.  *Hubbard*, 42 F.3d at 946.

The nature of the allegations presented in Ashley's Complaint, as well as the relief sought, indicate that Ashley's claims against Liberty involve the precise claims preempted by ERISA, that being the right to receive benefits, a claim directly affecting the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries. *Hubbard*, *supra*.  Moreover, Ashley's claims have a definite "connection to" the Liberty plan.  If successful in this lawsuit, Ashley would receive the equivalent of the long term disability benefits denied him under the plan.  Finally, resolution of Ashley's claims would require, at a minimum, an inquiry into questions intricately bound up with the interpretation and administration of the Liberty ERISA plan. As such, Ashley's claims are "related to" an ERISA regulated benefit plan. *Hubbard*, 42 F.3d at 946.

Ashley provides no basis to dispute ERISA preemption over his state law claims against Liberty, and this Court's record reveals no basis to allow these claims to remain pending.  Since Ashley's Louisiana state law claims against Liberty are preempted by ERISA, dismissal of these claims is proper.

This does not end this Court's inquiry.  To the extent that there are any deficiencies in his Complaint, Ashley requests leave to amend his Complaint. Liberty does not oppose this request, so long as Ashley deletes all state law causes of action against it, including Ashley's claims for compensatory and punitive damages, in order to state a federal claim for benefits under ERISA.

ERISA's civil enforcement provision, codified at 29 U.S.C. §1132(a)(1)(B), provides that a civil action may be brought by an ERISA plan participant or beneficiary "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." *Id*.  As set forth above, Ashley brings this suit to rectify an alleged wrongful termination of long term disability benefits allegedly due him under the terms of the Rubicon, LLC ERISA regulated plan.  More specifically, Ashley asserts claims, purportedly under Louisiana state law, against Liberty for long term disability benefits which he did not receive under the plan after those benefits were allegedly wrongfully terminated by Liberty.  As such, Ashley's allegations against Liberty can fairly be characterized as claims "to recover benefits" due him under the terms of the plan.  This conclusion is bolstered by Ashley's prayer for relief wherein he specifically seeks an award of "damages, . . . including but not limited to, past Long Term Disability owed [and] future Long Term Disability owed."

8

When a plaintiff's complaint fails to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *See also Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies."). Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires". The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994) (citation omitted).

As set forth above, Ashley has alleged that long term disability benefits due him under the Rubicon, LLC ERISA regulated plan have been wrongfully terminated. Accordingly, he seeks past and future benefits due him under the plan. Accepted as true, these allegations may be properly construed as asserting a cause of action under §1132(a)(1)(B) "to recover benefits due [a plan participant] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." Further, although not expressly cited,

under § 1132(g)(1), should Ashley be ultimately deemed to have obtained "some degree of success on the merits" this Court could award attorney's fees.  *See Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. 242, 255 (2010). Accordingly, to the extent that Ashley requests leave to amend his Complaint to clarify the legal and factual grounds for federal claims for long term disability benefits and attorney fees under ERISA, as well as the proper basis for this Court's jurisdiction, leave to amend should be granted.

Liberty also seeks attorney's fees and costs pursuant to ERISA § 1132(g)(1), which allows the court in its discretion to award reasonable attorney's fees and costs of action to a successful party. *See Hardt*, *supra.*  Such relief is not appropriate at this time.  Although Ashley's Louisiana state law claims will be dismissed, Ashley will be granted leave to amend his Complaint to state a claim under ERISA for long term disability benefits.  Thus, an award of attorney's fees and costs pursuant to ERISA § 1132(g)(1) is premature at this time.

Therefore, considering the foregoing,

IT IS RECOMMENDED that Liberty's Motion to Dismiss be GRANTED in part, and  plaintiff's Louisiana state law claims be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Liberty's request for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1) be DENIED as premature.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

A courtesy copy of any objections or responses shall be provided to the District Judge at the time of filing.

Signed this 12th day of December, 2016, at Lafayette, Louisiana.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**